UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY JOEL JUDY,
an individual,

      Plaintiff,

vs.

MAXFIELD PROPERTY, LLLP,
a Florida Limited Liability
Limited Partnership,
and
COASTAL QSR, LLC,
a Delaware Limited Liability Company,
d/b/a TACO BELL,

      Defendants.

CASE NO.:

8:11cv1644 33 EAJ

## COMPLAINT

Plaintiff, JEFFREY JOEL JUDY, through his undersigned counsel, hereby files this Complaint and sues MAXFIELD PROPERTY, LLLP, a Florida Limited Liability Limited Partnership and COASTAL QSR, LLC, a Delaware Limited Liability Company, d/b/a TACO BELL for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the

1



"ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 1.02, Local Rules of the United States District Court for the Middle District of Florida.

3.    Plaintiff, JEFFREY JOEL JUDY, (hereinafter referred to as "MR. JUDY"), is a resident of the State of Florida.

4.    Plaintiff, JEFFREY JOEL JUDY was injured in a motorcycle accident and is paralyzed from the waist down. MR. JUDY is a T8-T9 paraplegic and uses a wheelchair for his primary means of mobility.

5.    Due to the disability, Plaintiff MR. JUDY is substantially impaired in several major life activities and requires a wheelchair for mobility.

6.    Defendant, MAXFIELD PROPERTY, LLLP, a Florida Limited Liability Limited Partnership, (hereinafter referred to as "MAXFIELD" or collectively as "Defendants"), is registered to do business in the State of Florida. Upon information and belief, MAXFIELD is the owner of the real property and improvements which are the subject of this action, to wit: the Property, known as Taco Bell, generally located at 5811 Bee Ridge Road, Sarasota, Florida 34232.

7.    Defendant, COASTAL QSR, LLC, a Delaware Limited Liability Company, d/b/a TACO BELL, (hereinafter referred to as "COASTAL" or collectively as "Defendants"), is registered to do business in the State of Florida. Upon information and belief, COASTAL leases and operates the real property and improvements which are the subject of this action, to wit: the

2

Property, known as Taco Bell, generally located at 5811 Bee Ridge Road, Sarasota, Florida 34232.

8.    All events giving rise to this lawsuit occurred in the Middle District of Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

9.    Plaintiff realleges and reavers Paragraphs 1-8 as if they were expressly restated herein.

10.   The Property, a restaurant, is open to the public and provides goods and services to the public.

11.   Plaintiff MR. JUDY visited the Property, located at 5811 Bee Ridge Road, Sarasota, Florida 34232, and attempted to utilize the goods and services offered at the property.

12.   While at the property, MR. JUDY experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in paragraph 15 of this Complaint.

13.   MR. JUDY continues to desire to visit the Property, but fears that he will continue to experience serious difficulty due to the barriers discussed in paragraph 15 which still exist.

14.   MR. JUDY plans to and will visit the property in the near future to utilize the goods and services offered thereon.

15.   Defendants are in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and are discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

3

A.   Inaccessible parking spaces designated as accessible throughout the property due to slopes and large cracks in the spaces.  Additionally, curb ramps improperly protrude into the spaces and access aisles;

B.   Inaccessible routes throughout the property due to excessive slopes between the parking and the store entrance; and

C.   Inaccessible access to merchandise and amenities due to excessive height of counters and lack of knee clearance.

16.   Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17.   To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18.   Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

19.   Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

4

20.   Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

21.   The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendants.

WHEREFORE, the Plaintiff demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

A.   That the Court declares that the Property owned and operated by DEFENDANTS is in violation of the ADA;

B.   That the Court enter an Order directing DEFENDANTS to alter their facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.   That the Court enter an Order directing DEFENDANTS to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANTS to undertake and complete corrective procedures.

D.   That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.   That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,
KU & MUSSMAN, P.A.
Attorneys for Plaintiff

12550 Biscayne Blvd., Suite 406
Miami, FL 33181
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com
brian@kumussman.com

By

Louis I. Mussman
(FL Bar #: 597155)
Brian T. Ku
(FL Bar # 610461)